HENRY B. OERTEL

*v.*

MARY I. OERTEL.

[Decided May 1st, 1914.]

1. Assuming that the cessation on the wife's part of sexual intercourse, without more, is sufficient desertion if the husband would take advantage of his wife's failure of duty in this regard, he must be able to show that he has fulfilled the equally important marital obligation of furnishing her, according to his means, with sufficient food and clothing.

2. Evidence of husband's means and as to the sufficiency of food and clothing by him furnished to his wife, *held* to show a very inadequate support, even if he had an old debt to pay, and some other professional expenses.

3. The wife's declaration to witnesses that she would not cohabit with her husband any longer, casually uttered in moments of resentment, are not entitled to much weight as evidence of a fixed resolve. They may well have been used in reference to the then situation.

4. If the wife's act was desertion in the first instance, it was the husband's duty to make proper effort to terminate it by making those advances and concessions which might reasonably have been expected of him, with a view of inducing her to return. The appropriate concession in this case was a more adequate support.

On petition for divorce.

*Messrs. Raymond, Mountain, Van Blarcom & Marsh,* for the petitioner.

*Mr. Cecil H. MacMahon,* for the defendant.

STEVENS, V. C.

This is a suit for divorce on the ground of desertion. The parties were married April 30th, 1901. The desertion is alleged to have taken place in May, 1911. The suit was commenced October 1st, 1913. The act of desertion proved is the cessation on the wife's part of sexual intercourse, and *Rector* v. *Rector. 78 N. J. Eq. 404,* is relied upon. Chancellor McGill held that this was not, by itself, sufficient in *Anon., 52 N. J. Eq. 349;* and so did Chancellor Zabriskie, in *Reid* v. *Reid, 21 N. J. Eq. 332.* Assuming, however, that the *Rector Case* is authority for the contention that such cessation, without more, is sufficient, it seems to me plain that if the husband would take advantage of his wife's failure of duty in this regard, he must be able to show that he has fulfilled the equally important marital obligation of furnishing her, according to his means, with sufficient food and clothing. This his wife says he did not do and this she gave him as her reason for refusing to cohabit with him. She performed, as far as she could, every other marital duty up to a time well within the two-year period.

The complainant is a physician, who for several years past has been earning from $1,500 to $1,800 per annum. According to his statement, as well as hers, he allowed for their food and for her clothing from $3 to $6 per week; out of which $1.50 was paid for washing. Occasionally, he brought home, he says, something for the table. He paid from $168 to $336 per year for rent (the latter sum partly on his mother's account), and he paid not more than $150 a year for an office boy. His income was, as he states it, in the year 1911, $1,723, and in 1912, $1,757. Deducting the money paid for rent and office boy, he had left about $1,250, or over $100 a month. It seems to me that a payment of from $1.50 to $4.50 per week (deducting the washing bill) was, considering his means, a very inadequate support, even if he had an old debt to pay and some other professional expenses. Her refusal to cohabit was not, she says, final. It was expressly grounded on his failure of duty in the matter of support. It is true that there are witnesses who swear that she told them she would not cohabit with him any longer. But her expressions, supposing them to have been stated with entire accuracy, casually uttered in moments of resentment, are not entitled to much weight as evidence of a fixed resolve. They may well have been used in reference to the then situation.

If her act was desertion, in the first instance, then her husband did not use any proper effort to terminate it by making those advances and concessions which, in the language of the cases, might reasonably have been expected of him with a view to inducing her to return. *Hall* v. *Hall,* 65 *N. J. Eq.* 710. The appropriate concession in this case was a more adequate support. I think the petitioner has failed to establish his case.